IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**GARY B. FOWLER,**                                                    Civ. No. 1:11-cv-03102-CL

                Plaintiff,                                **REPORT AND RECOMMENDATION**

      v.

**RECONTRUST COMPANY, N.A.,**

             Defendant.

CLARKE, Magistrate Judge.

        Plaintiff filed a complaint for declaratory judgment, ORS Chapter 28, and wrongful foreclosure, ORS Chapter 86, which defendant answered. Plaintiff filed a stipulated notice of dismissal (#8) and a second stipulated notice of dismissal (#9) on the same date, each one signed by the parties. The second stipulation filed stated the action was dismissed on the ground of mootness "as the underlying foreclosure has been rescinded," and further stated the dismissal was "without admission of liability by any party as to the merits of plaintiff's claims." (#9 Stipulated Notice of Dismissal at 1.) Plaintiff has filed a statement of attorney fees seeking fees under the deed of trust and promissory note, and a cost bill (#10), to which defendant

Report and Recommendation - 1

objects. For the reasons explained, plaintiff's requests for attorney fees and costs should be denied.

## DISCUSSION

**Whether Plaintiff is the Prevailing Party**

Defendant contends that plaintiff is not the prevailing party and, thus, is not entitled to costs or attorney fees. This action was brought under state law. Oregon law provides that, "For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim." ORS 20.077(2). Plaintiff here did not receive a judgment in his favor on his claim and, thus, cannot be a prevailing party entitled to recover attorney fees and costs. See *In re* McCoy, Bankr. No. 10-63814-fra13, 2011 WL 5240307, at *2 (Bankr. D. Or. Nov. 1, 2011) (in action brought for declaration of wrongful foreclosure and injunction until defendant complied with ORS Chapter 86, where court dismissed quiet title claim and parties stipulated to dismissal of surviving wrongful foreclosure claim, "Plaintiff did not receive a favorable judgment on either of his claims and cannot therefore be termed the 'prevailing party.'"). Depending on the language used in a federal fee-shifting statute defining the party entitled to an attorney fee award, federal courts considering prevailing party status are in accord. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603-05 (2001) (a prevailing party is one who has been awarded a judgment on the merits or court-ordered consent decree); Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt., 589 F.3d 1027, 1030-35 (9th Cir. 2009).

Plaintiff contends in reply that he is the prevailing party under the "catalyst theory" because defendant filed a rescission of the notice of sale after the complaint was filed,

Report and Recommendation - 2

which was the object of the complaint.  The catalyst theory has been defined by the Oregon courts which have discussed the issue as follows:  "'[w]here a defendant voluntarily complies with a plaintiff's requested relief, thereby rendering the plaintiff's lawsuit moot, the plaintiff is a "prevailing party" . . . if his suit is a catalyst for the defendant's voluntary compliance.'"  Clapper v. Or. State Police, 228 Or. App. 172, 178 (2009) (quoting Brennan v. La Tourelle Apartments, 184 Or. App. 235, 244 (2002) (and cases cited)).  The catalyst theory has not been adopted by the Oregon courts.  Clapper, 228 Or. App. at 179; see Buckhannon, 532 U.S. 598 (2001) (rejecting catalyst theory; "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change."); Klamath Siskiyou Wildlands Ctr., 589 F.3d at 1030 ("the sine qua non of prevailing party status is an enforceable, judicially sanctioned award of much of the relief the plaintiff sought" (and cases cited)).  Moreover, even if this court were to recognize a catalyst theory, other than his assertion, plaintiff has not shown that defendant's rescission of notice of sale was due to the filing of this action rather than some other reason.  See Clapper, 228 Or. App. at 179; Conifer Ridge Homeowners Ass'n, Inc. v. Hayworth, 176 Or. App. 603, 610-11 (2001).


        The court recognizes there are significant issues raised by the parties as to whether this action, brought under Oregon statutory law, was one to enforce the deed of trust and promissory note and, if so, whether the reciprocity provision of the attorney fee statute, ORS 20.096, applicable to an action "in which a claim is made based on a contract," applies in the circumstances.  However, because of the recommended disposition, there is no need for the court to address these issues.

Report and Recommendation - 3

## RECOMMENDATION

Based on the foregoing, plaintiff's request for attorney fees and cost bill (#10) should be denied.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by May 14, 2012. If objections are filed, any response to the objections are due by May 31, 2012, see* Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 24 day of April 2012.

MARK D. CLARKE
UNITED STATES MAGISTRATE JUDGE

Report and Recommendation - 4